February 1, 2022


United States District Court
Eastern District of Texas
300 Willow Street, Suite 104
Beaumont, Texas   77701-2217

        RE:   William Maxwell v. Warden, Case No.:_____
              Eastern District of Texas
              Honorable _____, presiding

Gentlemen:

        Please file this in your usual manner and file stamp a copy
of this cover letter, enclosed, and return to me in the postage
pre-paid self-addressed envelope.


                              Regards,


                              _____
                              William Maxwell
                              Reg. No. 71944-279
                              Post Office Box 26020
                              Beaumont, Texas   77720


--/wm
Encl.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

William Maxwell )
_____ )
Petitioner )
)
v. )
) Case No  1:22CV40
) _____
) (Supplied by Clerk of Court)
)
Warden )
_____ )
Respondent )
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1  (a)  Your full name.   William T. Maxwell

(b)  Other names you have used    N/a

2  Place of confinement.    FCI-Beaumont-Low

(a)  Name of institution

(b)  Address.    P.O. Box 26020
Beaumont, Texas 77720

(c)  Your identification number    71944-279

3  Are you currently being held on orders by

☒ Federal authorities        ☐ State authorities        ☐ Other - explain

4  Are you currently

☐ A pretrial detainee (waiting for trial on criminal charges)

☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

If you are currently serving a sentence, provide:

(a)  Name and location of court that sentenced you   United States District Court-District of New Jersey, Camden -

(b)  Docket number of criminal case:  U.S. v. Scarfo, et al. 11240-RBK

(c)  Date of sentencing  7/30/15

☐ Being held on an immigration charge

☐ Other (explain)

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other (explain)

6    Provide more information about the decision or action you are challenging

(a)   Name and location of the agency or court  BOP-FCI-Beaumont-Low // Warden                         or

(b)   Docket number, case number, or opinion number  Admin. R. No  104 8383 - A2

(c)   Decision or action you are challenging (for disciplinary proceedings specify the penalties imposed)

Failure of BOP/WARDEN to properly consider 18 U.S.C.§3621(b) factors for transfer to RRC prior to end of sentence, failure to properly apply First Step Act Time Credits, improper agency interpretation of FSA, failure to use §3621 factors under CARES

(d)   Date of the decision or action

## Your Earlier Challenges of the Decision or Action

7    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes          ☐ No    Exhausted all administrative remedies see Exhibits

(a)   If "Yes," provide

(1)   Name of the authority, agency, or court  Exhausted  BOP—Administrative Remedies, BP-8; BP-9; BP-10; BP-11

(2)   Date of filing

(3)   Docket number, case number, or opinion number  104 8383 - A2

(4)   Result  Partially affirmed Warden's Response

(5)   Date of result  5-24-21 - Delivered 6/22/21

(6)   Issues raised  Failure to apply §3621(b) factors (see memo in support); failure to apply FSA correctly; failure to apply CARES Act Correctly, improper interpretation of FSA Failure to act in good faith and denial of substantive due process under the CARES Act; §3621(b). See Memo in support.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:    _N/A_

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes    ☐ No
X

(a) If "Yes," provide:

(1) Name of the authority, agency, or court Exhausted    BOP    Administrative Remedies see memo in support and exhibits attached.

(2) Date of filing:

(3) Docket number, case number, or opinion number    Admin. Q. No. 1048383 - A2

(4) Result    Partially affirmed warden

(5) Date of result    5-24-21 - Delivered 6/22/21

(6) Issues raised    Failure to apply §3621(b) factors (see memo in support); failure to apply FSA correctly; failure to apply CARES Act correctly; improper interpretation of FSA; failure to act in good faith and denial of substantive due process under the CARES Act; §3621(b) See Memo in support and Exhibits attached.

(b) If you answered "No," explain why you did not file a second appeal.    N/A

9   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes    ☐ No

(a) If "Yes," provide

(1) Name of the authority, agency, or court Exhausted    BOP    Administrative Remedies see memo in support and exhibits attached

(2) Date of filing

(3) Docket number, case number, or opinion number    Admin. Q. No. 1048383 - A2

(4) Result Partially affirmed warden, but changed BOP policy

(5) Date of result    5-24-21 - Delivered 6/22/21

(6) Issues raised Failure to apply §3621(b) factors (see memo in support); failure to apply FSA correctly; failure to apply CARES ACT correctly; improper interpretation of FSA; failure to act in good faith and denial of substantive due process under the CARES Act; §3621(b) (See Memo in support and Exhibits attached.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not file a third appeal:    N/A

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes            ☒ No

If "Yes," answer the following

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes            ☐ No        N/A

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U S C § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☒ No        N/A

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:          N/a

_____

Appeals of immigration proceedings

Does this case concern immigration proceedings?

☐ Yes                    ☒ No

If "Yes," provide:                                    N/A

(a)    Date you were taken into immigration custody

(b)    Date of the removal or reinstatement order:

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Date of filing

(2) Case number

(3) Result

(4) Date of result

(5) Issues raised

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court

(2) Date of filing

(3) Case number

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result:

(5) Date of result:

(6) Issues raised:

12    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                ☒ No

If "Yes," provide

(a) Kind of petition, motion, or application

(b) Name of the authority, agency, or court                     N/A

(c) Date of filing

(d) Docket number, case number, or opinion number

(e) Result:

(f) Date of result

(g) Issues raised

## Grounds for Your Challenge in This Petition

13    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States   Attach additional pages if you have more than four grounds   State the facts supporting each ground

GROUND ONE:  The BOP may, upon request, transfer a inmate to CCC (halfway house) at any time during the prisoner's incarceration under both Title 18 U.S.C.§§ 3621(b) and §3624(c) during the CARES Act application or to home confinement.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The BOP does not consider inmates in good faith for transfer to home confinement or halfway house using the §3621(b) factors either during their sentence or at the end of their sentence or under the CARES Act. (See Memo in support)

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☐ No
X

GROUND TWO  The BOP must in good faith perform an individualized analysis of Maxwell's request for transfer and not rely on percentage of sentence served under both 18 U.S.C. §§3621(b); 3624(c) analysis.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

Prior to and during the CARES Act enactment the BOP is using a percentage of the sentence served as a determining factor on whether to transfer a inmate to halfway house or home confinement and not relying on the 3621(b) factors. (See Memo in Support)

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes          ☐ No
X

GROUND THREE   The BOP must not treat Maxwell differently from high economic or status individuals (Michael Cohen, Paul Manafort) (See Memo in Support)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

Both Paul Manafort and Michael Cohen had similar convictions to Maxwell, served less than 50% of their sentences, and were transferred to home confinement/halfway house. The §3621(b) factor analysis is being preformed differently for high economic and status individuals. (See Memo in Support)

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

GROUND FOUR: The BOP must consider, under the First Step Act transferring Maxwell to the Houston RRC for his participation in productive activities and programming his entire time in prison considering his BRAVO score and PATTERN Scores under the §3621(b) factors.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The CARES ACT, First Step Act, and §3621(b) provide for Maxwell to transfer to RRC or home confinement under the §3621(b) factors prior to the end of his sentence. The CARES Act, lifted the restrictions (time period) during which an inmate must be considered for transfer to RRC/home confinement). Additionally, the First Step Act provides for the earning of time credits to be spent at RRC/home confinement. The BOP use of a percentage of sentence as a basis to determine an inmates transfer to RRC or home confinement violates the statutes. (See Memo in support).

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes          ☐ No


14    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not   On January 13, 2022, the BOP published a new rule regarding the First Step Act, reversing its prior proposed rule (posted for comment in 2020). However, this rule still violates the canons of statutory construction and supplants the mandatory language of "shall" with the permissive language of "may" in violation of the plain and unambiguous language of the statute.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

GROUND FIVE  The Safer Detention Act provides for judicial review of the BOP's denial of transfer to RRC or home confinement. Because it is anticipated that the Safer Detention Act will be passed and codified during the pendency of this §2241 Maxwell briefs The Safer Detention Act in the alternative.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The Safer Detention Act has passed out of committee with bi-partisan support and expressly allows for judicial review of the BOP's decisions and denials of transfer to halfway house/home confinement, not merely review of the process (substantive due process). In that it would be judicially economical and that the administrative remedies are exhausted, on its final passage, Maxwell seeks to brief the issue in the Safer Detention Act as it pertains to §3621(b) factors, the CARES Act, the First Step Act and those factors and applications under the §3621(b) factors

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes          ☐ No

If there are any grounds that you did not present in all appeals that were available to you, explain why you did not

See Response to Ground Four. (See Memo attached)

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241

GROUND SIX     Maxwell seeks declaratory and injunctive relief declaring that the BOP's use of a percentage of an inmates sentence is not an appropriate factor in determining an inmate's transfer to halfway house or home confinement (During the CARES ACT); that the multiple memos issued by the BOP violate §3621(b).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The BOP both before and during the CARES ACT used a percentage of the sentence served to determine who transferred to home confinement or halfway house in violation of §3621(b). This violates the precedent in all the circuits to address it, violates the clear and unambiguous language of the statute, and violates Maxwell's substantive due process rights, and further violates §3621(b) requirement that all inmates be treated the same regardless of economic or status of individuals; further Maxwell is being treated differently from other inmates (his brother)

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes          ☐ No

If there are any grounds that you did not present in all appeals that were available to you, explain why you did not

See Response to Ground Four. (See Memo in support)

### Request for Relief

15  State exactly what you want the court to do:  Maxwell seeks substantive due process regarding the processing of his application to transfer to halfway house and home confinement under the CARES ACT, §3621(b); the First Step Act; and seeks declaratory relief regarding the proper interpretation of the First Step Act, and injunctive relief prohibiting the BOP from using a percentage of sentence as a basis to deny an inmates transfer to halfway house or home confinement (During the CARES ACT); and that the BOP must follow the §3621(b) factors in determining inmate transfers.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Feb 1, 2021

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date    1-27-2022

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

Page 12 of 13

William Maxwell
Reg # 71944-279
FCI-Beaumont-low
P.O. Box 26020
Beaumont, Ty 77720



$10.43 postage 2/1/2022

CLERK U.S. DISTRICT COURT
RECEIVED
FEB 07 2022
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS



LEGAL
MAIL

UNITED STATES Dist. Clerk,
United States Dist. Court
300 Willow St., Suite 104
Beaumont, Ty 77701-2217