IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM MAXWELL, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 1:22-CV-40 |
| | § | |
| v. | § | |
| | § | DISTRICT JUDGE MICHAEL J. TRUNCALE |
| WARDEN, FCI BEAUMONT LOW, | § | MAGISTRATE CHRISTINE L. STETSON |
| | § | |
| Respondent. | § | |

**RESPONDENT'S REPLY TO PETITIONER'S
RESPONSE TO RESPONDENT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Respondent, Warden A. Thomas, III[1], files this Reply to Petitioner's Response

("Response") to Respondent's Motion to Dismiss or, alternatively, Motion for Summary

Judgment ("Motion"). [*See* ECF Nos. 8 & 20]. Petitioner appears to now be raising an issue

regarding the application of First Step Act ("FSA") earned time credits and complaining that

Respondent's Motion was not timely filed. Respondent generally denies all new allegations that

may have been raised by Petitioner in this new filing and reasserts its position the habeas petition

should be denied for the reasons asserted in Respondent's Motion, and because Petitioner has

failed to raise a genuine issue of material fact which would require review by this Court in

response to it.

---

[1] The federal habeas statute provides the proper respondent to a habeas petition is the person who has custody over the petitioner. *Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004).

## I.      Respondent's Motion was timely filed.

Petitioner initially argues Respondent's Motion was not timely filed.  [*See* ECF No. 20, p. 16].  On March 9, 2022, the Court issued an Order to Show Cause in the instant case.  [ECF No. 6].  The Order stated, "…Respondent shall have sixty (60) days *from the date of service of process to answer…*"  [*Id.*] (emphasis added).  The docket indicates Respondent was served with process on March 18, 2022.  [ECF No. 7].  Sixty (60) days from March 18, 2022, is May 17, 2022.  *See* FED. R. CIV. PRO. 6(a)(1).  Respondent filed its Motion on May 17, 2022.  [*See* ECF No. 17].  The docket in his case reflects Respondent timely filed its answer in accordance with the original Order for Show Cause.  [*See* ECF Nos. 6, 7, 8].

## II.     Petitioner has failed to exhaust administrative remedies.

Petitioner's habeas petition seemed to primarily allege the administration at FCI Beaumont Low failed to consider him for priority transfer to home confinement under the CARES Act.  [*See* ECF No. 8, pp. 2-3].  Petitioner incorrectly relied upon a lack of consideration under 18 U.S.C. § 3621(b) for priority placement in home confinement under the CARES Act. [*See generally* ECF No. 1].  This misplaced argument was addressed by Respondent's Motion and for the sake of brevity, will not be readdressed here.  [*See* ECF No. 8, pp. 11-15].

In Petitioner's Response, Petitioner spends a tediously long amount of time now arguing he's entitled to FSA earned time credits as the authority for why he should now be placed in home confinement or halfway house.  [*See generally* ECF No. 13].  Petitioner did not exhaust this issue in his administrative remedies.

Petitioner had one exhausted administrative remedy as it pertained to the allegations in his habeas petition.  [ECF No. 8-1, p. 22].  Petitioner's BP-9 clearly requested relief of, "home

confinement under 3582 and S. Bill 4034 "COVID-19 Safer Detention Act"; and transfer to Community Confinement under 3621(b)(1)-(5)—determined in good faith without consideration of the percentage of sentence served." [*See* ECF No. 8-1, p. 27]. This is the same administrative remedy Petitioner appealed and exhausted at the BP-10 and BP-11 levels. [*See generally* ECF No. 8]. At no point in this administrative remedy process did Petitioner seek to have his FSA eligibility determined and his time credits calculated under 18 U.S.C. § 3632(d)(4). [*Id.*] Petitioner repeatedly cites in his Response to the codified rule for time credits, published on January 19, 2022, and claims to have exhausted this issue. [*See generally* ECF No. 13]. However, Petitioner exhausted his administrative remedy process regarding home confinement and halfway house placement as it related to the CARES Act on May 24, 2021, prior to the publication of these rules. [ECF No. 8-1, p. 22]. If Petitioner seeks to have a review of his status under 18 U.S.C. § 3632(d)(4) to determine if he is eligible to earn *and* presently apply any FSA time credits, he will need to file an administrative remedy requesting as much. Petitioner demonstrates he is aware of the need to exhaust this issue and illustrates this knowledge by attaching other inmate's specific administrative remedies to his Response. [*See* ECF No. 20-5, pp. 64-73]. When comparing these administrative remedies to the Petitioner's, it is clear he has failed to exhaust this issue. Petitioner clearly sought review for consideration of priority placement in home confinement under the CARES Act and at no point sought review of his eligibility to earn *and* apply FSA earned time credits.

Petitioner's confusion of the issues is further highlighted by his inclusion of two different types of declarations within his Response. [*See generally* ECF No. 20]. Petitioner first includes two declarations focusing solely on FSA earned time credits. [ECF No. 20-4, pp. 28-40]. Following these two declarations, he includes another one focusing solely on priority home

confinement placement decisions under the CARES Act.  [ECF No. 20-4, pp. 42-45].  It is also relevant to note the two declarations regarding FSA earned time credits specifically relate to inmates "who are within 24 months of their statutory release date." [ECF No. 20-4, p. 34].  It is undisputed Petitioner is nowhere near this timeframe, as his statutory release date is July 17, 2031.  [ECF No. 8, p. 2].  Even assuming, *arguendo*, the Petitioner is entitled to every single FSA earned time credit possible *and* he's eligible to presently apply those credits – information that would be obtained through a properly exhausted administrative remedy on the topic – using the calculations Petitioner includes in his attachments, he would only be currently entitled to approximately 683 days.  [*See* ECF No. 20-4, p. 34, ¶ 13]. [2]  This leaves Petitioner with plenty of time to exhaust the administrative remedy process on this issue to ensure the accuracy of his claims.

Regardless, the essence of Petitioner's habeas petition was a complaint that he was denied consideration for discretionary priority placement in home confinement under the CARES Act and he should have been considered under the § 3621(b) factors.  [*See generally* ECF No. 1].  Additionally, none of Petitioner's arguments overcome the fact placement decisions are within the discretion of the Bureau of Prisons.  [ECF No. 8, pp. 14-15].  Petitioner's habeas petition is without merit and should be dismissed.

### III.    Conclusion.

In sum, Petitioner's habeas allegations regarding FSA earned time credits, preferential housing, and extra privileges related to phone and commissary should be dismissed due to lack

---

[2] To calculate the number of FSA earned time credits, the latter date of the inmate's designation or December 21, 2018 (the enactment of the FSA) is used as the beginning date through the current date.  That number is then divided by 30 before multiplying it by 15 (assuming the inmate is eligible to earn the maximum amount).  In the instant case, the latter date of December 21, 2018, was used as the Petitioner's designation was prior to that date.  1366 days have passed since the inception of the FSA and the filing date of September 16, 2022.  1336 divided by 30 and multiplied by 15 equals 683.

of subject matter jurisdiction and Petitioner's failure to state a claim in which relief could be granted.  Alternatively, Summary Judgment should be granted as Petitioner has failed to exhaust his administrative remedies regarding these claims.

Petitioner's remaining exhausted claim regarding the decision not to grant him discretionary priority placement in home confinement pursuant to the CARES Act should similarly be dismissed due to lack of subject matter jurisdiction and failure to state a claim.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied in all respects.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY


*/s/ Michael W. Lockhart*
MICHAEL W. LOCKHART
Assistant United States Attorney
Texas Bar No. 12472200
550 Fannin Street, Suite 1250
Beaumont, TX 77701-2237
Tel:      (409) 839-2538
Fax:      (409) 839-2550
Email:    USATXE.CivECFBmt@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 16, 2022, a true and correct copy of the foregoing document was filed electronically with the court and has been served on the *pro se* petitioner as follows:

*<u>VIA CERTIFIED MAIL/RRR</u>*
William Maxwell
Reg. No. 71944-279
FCI Beaumont Low
P.O. Box 26020
Beaumont, TX 77720

/s/ *Michael W. Lockhart*
MICHAEL W. LOCKHART
Assistant United States Attorney