IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM MAXWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-40 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, William Maxwell, an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

Petitioner is currently serving a 240-month term of imprisonment for racketeering conspiracy and related offenses, including securities fraud, wire fraud, money laundering, obstruction of justice, and the sale or transfer of firearms and ammunition to a prohibited person. *United States v. Maxwell*, 1:11-CR-00740(03) (D.N.J.). Petitioner filed the above-referenced § 2241 petition on February 7, 2022, arguing the following points of error:

1. The BOP does not consider inmates in good faith for transfer to home confinement or halfway house using the § 3621(b) factors either during their sentence or at the end of their sentence or under the CARES Act;

2. Prior to and during the CARES Act enactment the BOP is using a percentage of the sentence served as a determining factor on whether to transfer a [sic] inmate to halfway house or home confinement and not relying on the §3621(b) factors;

3. The 3621(b) factor analysis is being preformed [sic] differently for high economic and status individuals;

4. The CARES Act, First Step Act, and § 3621(b) provide for Maxwell to transfer to RRC or home confinement under the §

        3621(b) factors prior to the end of his sentence. The CARES Act, lifted the restrictions (time period) during which an inmate must be considered for transfer to RRC/home confinement. Additionally, the First Step Act provides for the earning of time credits to be spent at RRC/home confinement. The BOP use of a percentage of sentence as a basis to determine an inmates transfer to RRC or home confinement violates the statutes;

5. The Safer Detention act has passed out of committee with bi-partisan support and expressly allows for judicial review of the BOP's decisions and denials of transfer to halfway house/home confinement, not merely review of the process (substantive due process). In that it would be judicially economical and that the administrative remedies are exhausted, on its final passage, Maxwell seeks to brief the issue in the Safer Detention Act as it pertain to § 3621(b) factors, the CARES Act, the First Step Act and those factors and applications under the § 3621(b) factors; and

6. The BOP both before and during the CARES Act used a percentage of the sentence served to determine who transferred to home confinement or halfway house in violation of § 3621(b). This violates the precedent in all the circuits to address it, violates the clear and unambiguous language of the statute, and violates Maxwell's substantive due process rights, and further violates the § 3621(b) requirement that all inmates be treated the same regardless of economic or status of individual; further Maxwell is being treated differently from other inmates.

Petition (doc. #1). For relief, Petitioner seeks (1) substantive due process regarding the processing of his application to transfer to a halfway house and home confinement under the CARES Act, § 3621(b), the First Step Act, (2) declaratory relief regarding the proper interpretation of the First Step Act, (3) injunctive relief prohibiting the BOP from using a percentage of his sentence as a basis to deny an inmate transfer to a halfway house or home confinement under the CARES Act, and (4) an order directing the BOP to follow the § 3621(b) factors in determining inmate transfers. *Id*.

Respondent was ordered to show cause on March 9, 2022, and filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on May 17, 2022 (doc. #8). Respondent argues Petitioner failed to exhaust his administrative remedies with respect to all his claims, except for those regarding the denial of his request for priority transfer to home confinement under the CARES Act. As to the latter, Respondent argues Petitioner has not suffered a due process violation. *Id*.

This Report and Recommendation considers the Petition (doc. #1), the Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. # 8), Petitioner's Response (doc. # 18), Amended Response (doc. # 20), Respondent's Reply to Petitioner's Response (doc. #21), and Petitioner's Second Amended Response (doc. #23).

Standard of Review

*Motion to Dismiss*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate a case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted). "The district court 'has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3 at 494. The party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. *See Stiftung*, 603 F.3d at 297.

*Motion for Summary Judgment*

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

In making this determination, the court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences

3

in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

## Analysis

*Exhaustion of Administrative Remedies*

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must

exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP administrative remedy procedures, set forth in Title 28 C.F.R. §§ 542.10-542.19, provide formal review of any complaint which relates to any aspect of the inmate's confinement. Informal resolution is first attempted, and if it proves unsuccessful, then the inmate may file a formal complaint with the warden. *See* 28 C.F.R. §§ 542.13-542.14. Informal resolution is referred to as a BP-8, while the formal complaint to the warden is referred to as a BP-9. *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014). If the inmate is not satisfied with the warden's response, he may appeal the response to the regional director. 28 C.F.R. § 542.15(a). This is referred to as a BP-10. *Huff*, 555 F. App'x at 293. If the inmate is dissatisfied with the regional response, he may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel is the final administrative appeal within the BOP. *Id*. This final step is referred to as a BP-11. *Huff*, 555 F. App'x at 293. If an inmate does not receive a response within the time allotted for a reply, the absence of a response is considered a denial at that level. 28 C.F.R. § 542.18.

Here, Respondent argues Petitioner failed to exhaust all his claims, with the exception of his request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act," P.L. 116-136). Respondent provides Petitioner's grievance records and the declaration of Justin Thornton interpreting those records. Exhibit A, Attachments 2-5. A review of the competent summary judgment evidence reveals that to be the case. Through the administrative remedy process, Petitioner only challenged the denial of his request for a priority transfer to home confinement under the CARES Act. *Id*. There are no records that indicate Petitioner exhausted, let alone attempted to exhaust, any claims relating to the First Step Act (FSA), including

FSA time credits as related to his participation in productive activities, preferential housing unit, additional phone minutes, expanded commissary, or his transfer to a halfway house as a result of his successful participation in programming. *Id*. As such, these latter claims should be dismissed for failure to exhaust administrative remedies.

*The Cares Act*

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) and (3). Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

The BOP has the authority to release a prisoner to home confinement for the shorter of 10% of the term of imprisonment or six months under 18 U.S.C. § 3624. The CARES Act authorized the Director of the BOP to lengthen that amount of time. *See Livas v. Myers*, 2:20-CV-422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020). However, nothing in the CARES Act grants prisoners the right to serve the remainder of their sentences in home confinement, it merely lengthens the amount of time during which the BOP has the discretion to allow it. *See United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *Beaird v. Brown*, 3:07-CV-2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment.").

Here, the BOP considered Petitioner's request for home confinement, and using its discretion, denied it. The denial was based upon the BOP's review of the totality of circumstances related to Petitioner's conviction and incarceration. Specifically, the denials were based on the minimal amount of time Petitioner had spent at the correctional facility and the nature of his conviction. Specifically, at that time, Petitioner had spent only approximately 56-months of a 240-month

imposed sentence. The BOP was within its discretion to deny Petitioner a priority placement in home confinement, and thus, Petitioner is not entitled to habeas relief.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE