IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM MAXWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-40 |
| WARDEN, FCI BEAUMONT LOW | § | |

MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, William Maxwell, an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting Respondent's Motion for Summary Judgment, finding Petitioner failed to exhaust administrative remedies as to any of Petitioner's claims under the First Step Act ("FSA") and finding his claims under the a Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") for home confinement as lacking in merit [Dkt. 24].

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Petitioner filed Objections to the Report and Recommendation of United States Magistrate Judge [Dkt. 27]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner first argues that the declaration provided by Respondent is inadmissible hearsay. Respondent provided the declaration of Justin Thornton ("Thornton"), the Acting Executive Assistant at FCC Beaumont, in support of its Motion for Summary Judgment. Motion for Summary Judgment, Exhibit A [Dkt. 8-1]. The Declaration states that as part of his duties as Acting Executive Assistant, Thornton was the Coordinator for the Administrative Remedy Program and had access to inmate records relating to every step of the administrative remedy program. *Id.* The statements

made by Thornton in the Declaration were made on the basis of his review of the official files and records of the BOP, his own personal knowledge, or on the basis of information acquired by him through the performance of his official duties. *Id*. After summarizing the exhibits attached to the Declaration, Thornton concluded the following:

> 9. The records appear to indicate inmate Maxwell has exhausted his administrative remedies in regards to his request for home confinement placement under the CARES Act. However, there are no records to indicate inmate Maxwell exhausted, nor ever attempted to exhaust, any of his other claims regarding the First Step Act ("FSA"), including FSA time credits as related to participation in productive activities, preferential housing units, additional phone minutes, expanded commissary, or his transfer to halfway house as a result of successful participation.

*Id*., pg. 4.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "The substance of an affidavit must demonstrate the affiant has personal knowledge of the facts contained therein." *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011). "[C]onclusory assertions cannot be used in an affidavit on summary judgment." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). "If the affidavit fails to meet any of the procedural requirements, a motion to strike that sets forth specific objections is the proper method for the opposing party to challenge the affidavit." *Wojciechowski*, 763 F. Supp. 2d at 846. "The rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion." *Lee v. Nat'l Life Assurance Co. Of Can.*, 632 F.2d 524, 529 (5th Cir. 1980).

The declaration provided by Respondent meets the procedural requirements of Federal Rule of Civil Procedure 56(c)(4). The conclusion offered by Thornton is supported by the exhibits attached to the declaration. The fact that Petitioner disagrees with the conclusion does not, by itself,

make the declaration or the attached exhibits inadmissible hearsay evidence. Regardless, Petitioner's argument of hearsay is conclusory and will not be considered by this court.

Regardless, an independent review of the administrative grievances in this case, also provided by Petitioner as attachments to his original petition, reveals that Petitioner was clearly challenging the BOP's refusal to grant him his requested relief of home confinement. Original Petition, Exhibits, [Dkt. 1-1 & 1-2]. None of the grievances mention the entitlement to FSA earned time credits as authority for why Petitioner should now be placed in home confinement or a halfway house. Nor do the grievances challenge the denial of other privileges under the FSA. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (a grievance should give officials a fair opportunity to address the problem that will later form the basis of the lawsuit). In fact, Petitioner was put on notice that the BOP was construing his grievance as one only requesting home confinement in the Warden's denial of his BP-9 where he was specifically denied his request for discretionary home confinement without consideration of the time served under the CARES Act. Petitioner's later appeals still do not mention or challenge his entitlement to earned time credits under the FSA nor any other privileges under the FSA. If Petitioner seeks to have a review of his status under 18 U.S.C. § 3632(d)(4) to determine his eligibility to earn and presently apply any FSA time credits, or if Petitioner seeks to challenge the denial of any other privilege under the FSA, Petitioner is still free to file an administrative remedy making such a request. To the extent Petitioner argues the BOP obstructed his ability to exhaust his administrative remedies, this argument is belied by the competent summary judgment evidence.[1] While there may have been some delays in consideration, the BOP fully considered Petitioner's claim regarding his request for home confinement under the CARES Act. The lack of exhaustion as to these other claims is attributable to Petitioner's failure to properly put

---

[1] Petitioner argues waiver, admission and estoppel to overcome his failure to exhaust. Exceptions to the exhaustion requirement apply "only in 'extraordinary circumstances'" when administrative remedies "are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Petitioner has failed to demonstrate extraordinary circumstances.

the BOP on notice as to his alleged intent to also challenge his entitlement to FSA earned time credits or some other privileges under the FSA. This objection is overruled.

To the extent Petitioner objects to the finding of the magistrate judge relating to Petitioner's request for priority placement in home confinement under the CARES Act, any such objection is overruled. The BOP was within its discretion to deny Petitioner priority placement in home confinement under the CARES Act. *See De La Cruz Jimenez v. United States*, 844 F. App'x 753, 754 (5th Cir. 2021) ("He cites no legal authority, nor are we are of any, holding that the CARES Act created an actionable right to release even for qualifying inmates or a corresponding duty of the respondents to release him."); *see also United States v. Lang*, 835 F. App'x 790, 791 n5 (5th Cir. 2021) ("Although Lang contends he meets the criteria for release to home confinement under the CARES Act, the plain language of the CARES Act does not grant a federal court the authority to make home confinement determinations.").

## ORDER

Accordingly, petitioner's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is ADOPTED. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED this 6th day of October, 2023.**

Michael J. Truncale
United States District Judge